LAWRENCE R. McCUBBINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCubbins v. Commissioner
Docket No. 2474-87.
United States Tax Court
T.C. Memo 1989-245; 1989 Tax Ct. Memo LEXIS 245; 57 T.C.M. (CCH) 481; T.C.M. (RIA) 89245; May 18, 1989. Lawrence R. McCubbins, pro se. Kay Hill, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: Respondent determined the following deficiencies in income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6654
1976
$  2,767
$  1,384
-0-
1977
87,924
43,962
$ 2,919
1978
14,727
7,364
47
*246 By order dated July 15, 1988 we granted respondent's motion to dismiss this case for failure to properly prosecute for the taxable years 1976, 1977, and 1978, insofar as it pertains to those issues on which petitioner bears the burden of proof. Therefore, the only issue remaining in this case is whether petitioner is liable for the additions to tax for fraud for all three years. This case is here on respondent's motion for summary judgment. Respondent relies upon the pleadings of this case and the March 16, 1989 order of the Court that undenied allegations in respondent's answer be deemed admitted. We find the following facts, based upon those deemed admissions, and other pleadings filed by the parties. FINDINGS OF FACT This case involves a taxpayer who is a tax protestor. Petitioner contends he is not a taxpayer who is required to file income tax returns and that the Federal income tax laws are unconstitutional. During the taxable years 1976, 1977, and 1978, petitioner was employed as a heavy equipment operator and a mechanic. He also engaged in the business of real estate development. By virtue of our order of dismissal dated July 15, 1988, petitioner's liability for *247 underpayments of tax in the amounts of $ 2,767.00, $ 87,924.00, and $ 14,727.00 for the taxable years 1976, 1977, and 1978, as well as petitioner's liability for additions to tax under section 6654 in the amounts of $ 2,919 and $ 471 for 1977 and 1978 is conclusively established. 1976
Petitioner filed a timely Federal income tax return for the taxable year 1976 using the cash basis of accounting in which he claimed a refund due in the amount of $ 6,981. During 1976, petitioner received a judgment in the amount of $ 11,000 which he failed to report. He falsely deducted living expenses of $ 2,118 which he did not incur or pay. Further, during 1976 petitioner engaged in the business of subdividing and selling lots of the Rae-Ann Subdivision. He failed to report gross receipts of $ 211,000 and costs of $ 257,632, for a net loss of $ 46,632 derived from the Rae-Ann Subdivision in 1976. Petitioner also subdivided and sold lots in the Ginami Hills Subdivision. He failed to report gross receipts of $ 8,500 and costs of $ 2,529 attributable to Ginami Hills in 1976. Petitioner knew that the sale of subdivision lots must be reported on his tax return, even if a net loss was incurred, *248 because in 1973 he had reported a net loss from the sale of a right-of-way. Despite having incurred deductible expenses in 1976 related to the real estate sales, petitioner failed to claim these expenses on his 1976 tax return in an effort to avoid disclosing to the Internal Revenue Service the extent of his property dealings in 1976 and because he did not need to claim these deductions in order to obtain a full refund of his prepayment credits. Petitioner reported $ 287 in interest income on his 1976 tax return, instead of the $ 26,026 he knew he was required to report. He received numerous escrow statements and statements of account relating to the interest income he earned during 1976, which put him on notice as to the amounts received and which served as a reminder of his obligation to report the interest income on his Federal tax return. During the course of the investigation of his 1976 tax liability, petitioner falsely stated to tax auditor Mary Romero that he did not know of any additional income which had not been reported on his 1976 tax return. Petitioner attempted to convince Jerry Young of Young Brothers Company, Inc. not to report its trade of land for services *249 so that petitioner's real estate dealings for 1976 would not be disclosed to the Internal Revenue Service. Petitioner failed to cooperate with respondent in its investigation of his 1976 tax liability. He refused to provide the books and records requested and raised frivolous arguments as an intervenor into summons enforcement proceedings commenced by respondent in an effort to obtain the documents and information necessary to determine petitioner's correct tax liability. Petitioner understated his taxable income for 1976 in the amount of $ 13,168. Petitioner understated his income tax liability for 1976 in the amount of $ 2,767. 1977-1978
Petitioner failed to file Federal income tax returns for 1977 and 1978. On March 15, 1985 a judgment was entered in the United States District Court for the District of Alaska in which petitioner was found guilty of willful failure to file tax returns for the taxable years 1977 and 1978. Petitioner failed to report taxable income in 1977 in the amount of $ 148,813. Petitioner failed to pay taxes in the amount of $ 87,924 for 1977, attributable to the above adjustments. Petitioner failed to report taxable income in 1978 in the *250 amount of $ 36,482. He failed to pay $ 14,727 in tax attributable to the above unreported income. The income omitted was derived from wages, interest, and net business profits. Petitioner knew he was required to file tax returns for 1977 and 1978, because he had filed returns for the years 1965 through 1974 and for the year 1976. On September 17, 1982, petitioner filed with the Ogden Service Center two frivolous documents purporting to be tax returns for 1977 and 1978 in which petitioner failed to provide the information necessary to compute his tax. Petitioner has above-average knowledge of the tax laws. During the investigation of his 1977 and 1978 tax liability, petitioner falsely stated to respondent's agent that he had filed tax returns for 1977 and 1978. After this false statement was made, petitioner stated that he had no "lawful income" and had received "no lawful dollars" during 1977 and 1978. Petitioner tried to convince Jerry Young of Young Brothers Company, Inc. not to report the trade of land for services so that petitioner's failure to report his income from subdivisions sales for 1977 and 1978 would not be exposed to respondent. Petitioner failed to cooperate *251 with respondent in his investigation of petitioner's 1977 and 1978 tax liability, by failing to provide books and records requested, and by raising frivolous arguments as an intervenor in two summons enforcement actions commenced by respondent against third parties in an attempt to obtain the information and documents necessary to properly determine petitioner's 1977 and 1978 tax liability. OPINION The burden of proving fraud is on respondent. Sec. 7454(a); Rule 142(b); . Respondent must meet this burden with clear and convincing evidence. Sec. 7454(a); . This burden may be met through undenied facts deemed admitted under Rule 37(c). . If fraud allegations are deemed admitted under Rule 37, and there are no genuine issues of material fact, respondent may move under Rule 121 for summary judgment. See, for example, . It is clear that there remains no genuine issue of material fact for trial relative to petitioner's liability *252 for the fraud addition to tax. We hold that petitioner fraudulently and with an intent to evade taxes for 1976 filed a false income tax return which omitted his gross income derived from the subdivision sales, a judgment, and interest income earned. He understated his taxable income for that year in the amount of $ 13,168 and had an underpayment of tax in the amount of $ 2,767. Petitioner fraudulently and with an intent to evade taxes for 1977 and 1978, failed to file Federal income tax returns, thereby omitting gross income from subdivision sales, wages, and interest income in the amounts of $ 148,813 and $ 36,482 for 1977 and 1978. He had underpayments for 1977 and 1978 in the amounts of $ 87,924 and $ 14,727. In respondent's examination of petitioner's Federal income tax liabilities, petitioner did not cooperate with respondent's representatives and instead asserted frivolous "tax-protestor" arguments to impede respondent's examination. Moreover, he encouraged another to give false information to respondent. The above factors demonstrate petitioner's willful intent to evade the payment of Federal income taxes for 1976, 1977, and 1978. Respondent has satisfied his burden *253 of proof with respect to the additions to tax under section 6653(b) for each of the years in issue. Respondent's motion for summary judgment is granted. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩